# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE A. DAUL,
       Plaintiff,

    v.                                              Case No. 18-C-0488

JOHN DOE,
       Defendant.

## **DECISION AND ORDER**

Jesse Daul brings this case *pro se* under 42 U.S.C. § 1983 alleging that John Doe violated his civil rights while he was incarcerated. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint.

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee.

On April 24, 2018, plaintiff filed a letter asserting that he is unable to pay an initial partial filing fee. He explains that he is currently homeless and unemployed and is not receiving any assistance for food, housing, or transportation. Because plaintiff has neither the means nor the assets to pay an initial partial filing fee, I will waive the requirement that he pay one. I will grant plaintiff's motion to proceed without prepayment of the filing fee, but he must pay the $350 filing fee, as he is able.

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *Id.*

§ 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

In general, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To state a plausible claim under § 1983, "a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Milwaukee County*, 570 F.3d 824, 827 (7th Cir. 2009).

The factual allegations in plaintiff's complaint are as follows: While incarcerated, he asked a prison nurse practitioner to examine a "blood filled skin lesion that was growing and changing atop [a] large birthmark." She told him that health services would photograph the growth and document its progression, but he feared the growth was cancerous and "pleaded for a biopsy." He was taken to an off-site dermatologist, John Doe, who took "a large chunk from the dead center" of the growth; left to take "the sample . . . to the lab"; and returned about five minutes later with "a trifolded [sic] sheet of paper" that he handed to "the escort officer," who then took plaintiff back to prison. A couple of days later, plaintiff received "a single sheet of paper" from health services that contained neither letterhead nor lab results and simply said the growth was benign.

2

Plaintiff seeks damages from John Doe for deliberate indifference to a serious medical risk. He believes that John Doe did not, in fact, take his sample to the lab for testing and that the sheet of paper he received is the same one that John Doe handed to the escort officer within minutes after his biopsy.

The factual allegations in plaintiff's complaint are insufficient to state a plausible claim, as they allow for no more than "a sheer possibility that [the] defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The complaint pleads no facts that allow me "to draw the reasonable inference" that plaintiff has been injured (he alleges only that his growth *may* be cancerous) or that John Doe is responsible, if he has been injured (he alleges only that John Doe's actions *could* cause his cancer to spread, assuming that he has cancer). Plaintiff concludes that John Doe was deliberately indifferent, but, at most, his complaint "pleads facts that are 'merely consistent with'" deliberate indifference, which is not enough to state a cognizable claim. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Similarly, the allegation in plaintiff's complaint that John Doe failed to send his sample to the lab for testing is too speculative. The complaint offers nothing to support this conclusion apart from its allegations that John Doe handed a piece of paper to the escort officer and that plaintiff received a piece of paper a few days later. Again, these allegations are merely consistent with plaintiff's conclusion, which is possible, but hardly plausible. *See id.*

Even if John Doe *did* fail to send plaintiff's sample to the lab, his conduct would only be actionable if it resulted in injury to plaintiff. Yet, the complaint alleges only that plaintiff fears his growth *may* be cancerous. Plaintiff's fear of an injury that may never materialize is an insufficient basis for a claim to relief.

3

For the reasons discussed above, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay the full filing fee as he is able. Plaintiff should forward payments to the Clerk of Court, clearly indicating the case name and number for this action on each payment.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The Clerk of Court shall enter final judgment accordingly and document that this inmate has incurred a "strike" under § 1915(g).

Dated in Milwaukee, Wisconsin, this 1st day of June, 2018.

    s/Lynn Adelman_____
    LYNN ADELMAN
    United States District Judge